17 N.J. Super. 95 (1951)
85 A.2d 229
WILLIAM HAYTKO, PETITIONER-APPELLANT,
v.
WILLIAM CRABB & COMPANY, RESPONDENT-APPELLEE.
Superior Court of New Jersey, Essex County Court Law Division.
Decided December 5, 1951.
*96 Mr. Harry Cohn, attorney for the petitioner-appellant.
Mr. Robert A. Vanderbilt, attorney for the respondent-appellee.
FRANCIS, J.C.C.
Haytko's petition for an award of workmen's compensation was dismissed on the ground that he was a casual employee within the contemplation of R.S. 34:15-36. He now appeals.
The evidence is not substantially in dispute. It shows that respondent was engaged in the manufacture and sale of pins. In the latter part of May, 1951, it was engaged in moving all or part of its plant and manufacturing facilities from Newark to North Carolina. On May 29, 1951, petitioner was employed to assist in the moving, to move, crate and load on trucks office equipment, desks, filing cabinets and other equipment. The employment was for a short, temporary, but indefinite period and Haytko understood that he was to be paid at the rate of $1.50 an hour, which was the standard rate of pay for that type work.
After working for about two hours he sustained an accident which resulted in injury and hospitalization. While at the hospital he received four or five weeks compensation for temporary disability at $25 per week, and a check for $12 representing payment for services rendered on the day of the mishap.
Evidence was offered to the effect that some time prior to Haytko's hiring one Bennett, respondent's superintendent, *97 told a William Dunkinson, sales manager of the Lincoln Storage Warehouse, about the impending plant and equipment removal and asked him to assist in the location of a couple of men who were experienced in packing and crating of equipment and who could be hired by respondent for that purpose. Although Dunkinson's company was not handling the moving project, at his request he did locate petitioner and another person and brought them to Bennett who hired them.
No witnesses were produced by respondent and on its motion the petition was dismissed for the reason already set forth.
Casual employment is defined specifically in the Workmen's Compensation Act (R.S. 34:15-36) as follows:
"`Employee' is synonymous with servant, and includes all natural persons who perform service for another for financial consideration, exclusive of casual employments, which shall be defined, if in connection with the employer's business, as employment the occasion for which arises by chance or is purely accidental; or if not in connection with any business of the employer, as employment not regular, periodic or recurring."
Consequently where the issue is whether or not an employment is casual, two tests may be applied: (1) Is the work in connection with the employer's business? If so, did the occasion for it arise by chance or pure accident? (2) If not in connection with any business of the employer, is the work regular, periodic or recurring?
Casual employment is a defense. It is not "the burden of the employee to present evidence that would disprove casual employment." This burden rests upon the employer. Burdick v. Liberty Motor Freight Lines, Inc., 128 N.J.L. 229 (Sup. Ct. 1942).
In determining the problem it seems necessary to consider only the first test of employment. The moving of a plant from one location to another in order to continue the operations there is clearly associated with and a regular part of the employer's business. Such a moving does not ordinarily arise by chance; there is no evidence that it was an *98 uncontrolled, undesigned and fortuitous occurrence here. On the contrary, the uncontradicted evidence is to the effect that it had been planned for some time; that it was a controlled and calculated business act.
The declaration has been made that where a barn on a dairy farm burned down and a workman was employed to build a new one to house the farmer's cattle, such work was not casual. Tettemer v. Slisz, 131 N.J.L. 185 (E. & A. 1944). There the court said:
"To provide housing for his herd is a regular part of his business, whether rebuilding a destroyed barn or building an additional one made necessary because of increased herds and enlarged business."
It is fairly deducible from this case that if the plant of this respondent partly burned down and Haytko was engaged to assist in the building of a new one next door, his employment would not be casual but in the usual course of business. After this plant had been completed and it became necessary to move the undamaged machinery and equipment from the old to the new building, could it be argued logically that an employee hired to help do so was not working in his regular course of business? I think not.
Providing a new plant to meet changed conditions or circumstances is just as much a part of the regular course of operation of a business as the purchase and installation of new equipment or the repair of old equipment. The possibility of the moving of a business from one location to another appears to have a close affinity with the ordinary and expected course of its operation and maintenance. To conclude otherwise would seem to deny reality.
Under the circumstances here petitioner's employment was not casual and compensation should not be denied on that ground. The judgment of the Workmen's Compensation Division is reversed and the record is remanded for the determination of the issue of petitioner's expenses and disability.